[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action against Stewart Resources, S.A. ("Stewart"), Starlux Corporation ("Starlux"), and Castlegar Holdings, S.A. ("Castlegar") to recover sums loaned to those companies, respectively in October, 1987, February, 1989 and January, 1991. The plaintiff has also named as defendants two individuals, Lindholm and Backstrom, alleging that one or the other or both own and/or control Stewart, Starlux and Castlegar; and that one or both of the individuals guaranteed the loan of the respective corporations. The plaintiff also claims that Lindholm CT Page 1696 and Backstrom executed global guarantees in which they obligated themselves to be liable for all debts owed to the plaintiff. The plaintiff has also named as a defendant Intermobil Realty and Development Corporation ("Intermobil") alleging that in November of 1990 Intermobil executed a note to a third party which note was assigned to the plaintiff as security for the loan made by the plaintiff to Castlegar.
The defendants have moved to strike the complaint on the grounds that the plaintiff has improperly joined separate and distinct causes of action which do not arise out of the same transaction; that the plaintiff has improperly joined causes of action in one complaint because all parties to the action are not directly affected thereby; and that the plaintiff has improperly joined the defendants because the claims against them do not involve common issues of law and fact.
The plaintiff makes reference to certain claims arising out of litigation taking place in the state of New York. However, the plaintiff's complaint must stand on its own allegations. It is also noted that the complaint filed by the plaintiff does not allege that Stewart, Starlux and Castlegar are sham corporations operating as the alter ego of the individual defendants. Similarly, the relationship between Stewart, Starlux and Castlegar, if any, is not stated in the complaint nor is there any indication of how each corporation would be affected by a judgment against the other. While it appears that the individual defendants may have an interest with respect to all loans which they may have guaranteed, there is no indication of how the claims against the three corporations, above named, relate, if at all, to each other.
Under Practice Book 133 a plaintiff may include in a complaint both legal and equitable claims "but, if several causes of action are united in the same complaint, they shall be brought to recover, either . . . (7) upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action" and such causes of action "shall affect all the parties to the action". From the allegations contained in the complaint, the claims against Stewart, Starlux and Castlegar do not arise out of the "same transaction or transactions" nor do the claims against those companies affect "all" parties.
Accordingly, the motion to strike the complaint is hereby granted and the plaintiff may utilize the rights provided in CT Page 1697 Practice Book 157.
RUSH, J.